UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:99-CR-71 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| NORMAN T. SEXTON, JAMES ALBERT ) | |
| LEGG, and RICHARD ROMANS, ) | |

**M E M O R A N D U M  &  O R D E R**

Defendants Norman T. Sexton, James Albert Legg, and Richard Romans (collectively "Defendants") have filed motions for new presentence reports ("PSRs") for the Court to use in their resentencing hearings (Court File Nos. 551, 553). The Court has reviewed these motions and finds Defendants have not specifically pointed to anything in the original PSRs that is factually incorrect. Defendants also have not cited any particular incorrect application of the United States Sentencing Guidelines ("Guidelines") by the original PSRs.[1] Defendants primarily argue the PSRs contain facts not found by a jury with regard to the drug quantity involved in their offenses, and therefore overstate their offense levels. Defendants have not cited to any legal authority supporting their assertion the Court may only use facts found by a jury in making its sentencing decision. The PSRs need not be corrected to remove facts not found by a jury.

---

[1]The Court would note Defendants Sexton and Legg in their motion assert "[t]he court of appeals held the sentence imposed in September 2002 to be erroneous" (Court File No. 551, p. 3) and Defendant Romans states his "original sentence was found unconstitutional" (Court File No. 553, p. 4). The United States Court of Appeals for the Sixth Circuit in fact considered arguments regarding Defendant's sentences and affirmed the judgment of the Court (*see* Court File No. 542), but, after the Supreme Court rendered its decision in *United States v. Booker*, 125 S. Ct. 738 (2005) and upon the joint motion of Defendants and the Government, without analysis vacated and remanded their cases for resentencing (*see* Court File No. 543). The Sixth Circuit made no finding as to whether the Court's originally imposed sentence violated Defendants' rights under the United States Constitution (*see id.*).

However, in light of Defendants' arguments, it is appropriate for Court to clearly state its understanding of the present posture of this case and the Court's obligations with respect to the Court of Appeals' remand. At the Defendants' original sentencing hearings, the Court, after giving Defendants an opportunity to object and argue, made a finding on the record the PSRs correctly elaborated the facts of their cases and stated the correct sentencing ranges under the Guidelines. This finding was incorporated into the Judgment and Commitment Order. This Order was a final judgment with respect to these defendants. *Berman v. United States*, 302 U.S. 211, 212 (1937); *United States v. Gore*, 889 F.2d 1089 (6th Cir. 1989). From this final judgment an appeal was taken. In its order vacating Defendants' sentences and remanding for resentencing, the Court of Appeals did not disturb the Court's findings as to the PSRs. Therefore these findings are binding upon this Court, the parties, and the general public.

While the Court of Appeals did remand the case in light of *Booker* so the Court could exercise its discretion regarding sentencing, it did so without passing judgment on the findings the Court made with regards to the PSRs. That being the case, there is no necessity for new PSRs because the original PSRs contain all the relevant facts with regard to the calculation of the Guidelines.[2] The fact these PSRs were drafted in 2002 does not render them outdated, as Defendants argue. Even if Defendants now believe there is something factually or legally incorrect in the original PSRs, Defendants could not use this resentencing hearing to pursue any correction. Instead, they would have to use their traditional post-conviction remedies to address such arguments. Since the PSRs were incorporated into the Court's final judgment and their findings and Guidelines calculations were not overturned on appeal, that also means the Court will not entertain any

---

[2]The *Booker* decision did not do away with the Guidelines or the Sentencing Commission. The Court must still use the Guidelines, must still calculate the applicable Guidelines range, and must consult them and take them into account in arriving at an appropriate sentence.

arguments with respect to the PSRs' factual statements or their calculation of the applicable Guidelines ranges. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. Feb. 16, 2005) ("Given earlier opportunities to present evidence on disputed guideline calculations, there would be no need to reopen the case for hearing on those issues. The re-sentencing hearing would simply allow the trial court to apply the proper standard, typically with only limited input from the defendant.").

Considering the limited nature of this resentencing, the parties are restricted to presenting any facts or arguments that suggest a non-Guidelines sentence pursuant to the Supreme Court's direction in *Booker* is appropriate. Such arguments must be confined to the factors set out in 18 U.S.C. § 3553(a). Because § 3553(a) addresses broad societal interests and for some of these factors the Sentencing Commission and the Congress are better determinates of their significance, *see United States v. Phelps*, 366 F. Supp. 2d 580, 589-90 (E.D. Tenn. April 1, 2005), it would be the rare case where additional evidence not included in the original PSRs would be relevant to establish any of those factors.

Therefore, for the foregoing reasons, Defendants motions for new PSRs is hereby **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**